UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CRYSTAL LUGAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: 1:22-cv-12 |
| vs | ) |
| | ) |
| RED GOLD, INC. and | ) |
| LIFE INSURANCE COMPANY OF | ) |
| NORTH AMERICA, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR REVIEW OF FINAL DECISION DENYING DISABILITY INSURANCE BENEFITS TO PLAINTIFF

Comes now the Plaintiff, Crystal Lugar, by counsel, Melissa Davidson, and for her complaint for Damages against Defendants, Red Gold, Inc. and Life Insurance Company of North America (LINA) states as follows:

### I. Parties and Jurisdiction

1. That Plaintiff is a citizen of the State of Indiana residing in Fairmount, Indiana, Grant County.

2. That Defendant, Red Gold, Inc. is a domestic for-profit corporation doing business in Indiana and is the employer of Plaintiff, Crystal Lugar.

3. That Defendant, Life Insurance Company of North America (LINA), is an insurance company doing business in the State of Indiana.

4. Red Gold, Inc. established and sponsored an employee life insurance plan pursuant to the Employee Retirement Income Security Act 29 USCA 1132(e)(1), thus giving this court jurisdiction over the matter.

5. LINA issued the life insurance policy to Red Gold that promises to pay life insurance benefits to employees or eligible spouses in the event of death.

6. The Plan was for the benefit of Red Gold, Inc. employees and their dependents.

7. At all relevant times, Red Gold, Inc. was a fiduciary and administrator of the plan. LINA was the claims administrator for the Plan.

8. LINA benefits financially from denying Plaintiff's claim.

9.. LINA has a conflict of interest in this claim.

10. The Employer and Plan Administrator are agents of the Employee for transactions relating to insurance under the Policy.

11. Policy FLX 963982 specifically states that the Employer is acting as an agent of the Employees for transactions relating to this insurance.

12. Red Gold, Inc. selected the self-administration/billing option. Under this option, Red Gold, Inc. is responsible for (among other things) ensuring that coverage elections are processed in accordance with the terms and conditions of the policy and that the Policy's Insurability Requirement has been satisfied.

13. Red Gold, Inc. also maintains employee level detail and coverage data and is responsible for the timely and accurate remittance of premium to LINA.

## II. Factual Allegations

14. On June 1, 2011, LINA issued Voluntary Group Term Life Policy number FLX 963982 (the "Policy") to Red Gold, Inc. in order to provide life insurance benefits to Red Gold, Inc.'s eligible employees and dependents.

15. In December 2019, Crystal Lugar, a Red Gold, Inc. employee, participated in an annual re-enrollment for the Policy and elected life insurance coverage for her husband, Frank Lugar in the amount of $25,000 to be effective January 1, 2020.

16. At no time did Red Gold, Inc. or LINA request from Mrs. Lugar Evidence of Insurability for her husband's life insurance coverage.

17. Red Gold, Inc. began deducting the premiums for the dependent spouse life insurance coverage from Crystal Lugar's payroll checks.

18. On July 5, 2020, Plaintiff's husband died.

19. Plaintiff submitted a claim to recover life insurance benefits under the Policy, asserting that she is entitled to $25,000.

20. LINA denied the claim stating that evidence of insurability was never received for Frank Lugar's life insurance coverage, and therefore he was never covered under the policy.

21. Plaintiff appealed the denial, but LINA denied the appeal as well.

22. Plaintiff has exhausted her administrative appeals.

23. Red Gold, Inc. and LINA breached its fiduciary duty by failing to request Evidence of Insurability on Frank Lugar.

24. Red Gold, Inc. has never refunded the premiums for Mr. Lugar's life insurance policy that LINA claims was never active.

WHEREFORE, Plaintiff herein, by counsel, respectfully prays for judgment against the Defendants, with interest, in an amount commensurate with life insurance policy, interest, refund of premium payments, for Attorney fee reimbursement, and for all other just and proper relief in the premises.

Respectfully submitted,

_/s/ Melissa A. Davidson_____
Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE, PC
434 E. New York Street
Indianapolis, IN  46202
(317) 634-8565
(317) 634-9818
mad@hankeylaw.com